IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEITH URBAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| KEITH D. URBAN, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## COMPLAINT

The Plaintiff, Keith Lionel Urban of Nashville, Tennessee (hereinafter sometimes referred to as "Plaintiff Urban"), by and through counsel, files his Complaint against the Defendant Keith D. Urban (hereinafter sometimes referred to as "Defendant"), stating to the Court as follows:

## PARTIES

1. Plaintiff Urban is a resident of Davidson County, Nashville, Tennessee.

2. Defendant Keith D. Urban (no relation to Plaintiff) is a citizen and resident of the State of New Jersey, and may be served with process at 52 North Road, Wayne, New Jersey, 07470.

## JURISDICTION AND VENUE

3. This action arises under the trademark laws of the United States, specifically including without limitation the Lanham Act, 15 U.S.C. § 1051 et seq.; the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 et seq.; and the Tennessee Personal Rights Protection Act, Tenn. Code Ann. § 47-25-1101, et seq.

4. This Court has subject matter jurisdiction over the claims arising under federal trademark law pursuant to 28 U.S.C. § 1121 and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Because this matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states, this Court also has diversity jurisdiction over the state claims pursuant to 28 U.S.C. § 1332.

5. Defendant has operated a website with the intent to cause confusion in Tennessee as to the website's sponsorship and the source of certain goods advertised therein. Defendant has solicited sales over the website in Tennessee. Defendant's conduct has been directed towards, and has had a substantial effect on, Plaintiff in Tennessee, where Plaintiff resides. Defendant's conduct, which is described further below, subjects him to personal jurisdiction in Tennessee. Venue is proper in this district, pursuant to 28 U.S.C. § 1391, since a substantial part of the events occurred in this district and a substantial part of the property that is the subject of this action is situated here.

6. Plaintiff Urban is a well-known, top-selling performing artist of country music, with numerous albums to his credit. At all relevant times, Plaintiff's name was registered and protected pursuant to federal trademark laws. Moreover, at all relevant times, Plaintiff, with the assistance of his agents and representatives, has marketed and sold various products under the protected Keith Urban name.

7. Plaintiff Keith Urban holds valuable rights of publicity connected to his name. Specifically, he has the right to be free from trademark infringement as a matter of federal law, and the Lanham Act affords him protection from false claims that Plaintiff has endorsed the sale of products by others. He is also entitled to the protection of the federal AntiCybersquatting

Consumer Protection Act, which proscribes the use of identical or similar trademarks that causes confusion as to the source of goods or services. Further, and as a matter of state law, Plaintiff is entitled to the protection of the Tennessee Personal Rights Protection Act, which prevents commercial exploitation of the use of Plaintiff's name and likeness in the advertising of products, merchandise, goods and services. Under the Tennessee Consumer Protection Act, Plaintiff is also protected, <u>inter</u> <u>alia</u>, from conduct by others that creates confusion in the sale of goods, including the use of illustrations or statements that create false impressions that Plaintiff is connected with such transactions.

8. Defendant Keith D. Urban is relatively unknown to the public at large. In violation of Plaintiff's above-described rights, Defendant has registered an internet domain name and has structured a related website with the intent of producing confusion as to the sponsorship of the website and the source of the goods advertised for sale thereon. Specifically, Defendant is using the domain name and internet site of KeithUrban.com for commercial purposes and in a manner likely to deceive the public into believing that the website has a connection to Plaintiff that does not exist.

9. The current registration of the name KeithUrban.com by Defendant and his current method of maintaining the related website is done in bad faith, with the intent to mislead internet users in search of information about Plaintiff, and in order to incorrectly suggest endorsement of the website by Plaintiff. Defendant has maintained the website knowing that internet users would be likely to assume that Plaintiff Urban's official website is located at Defendant's address of KeithUrban.com. Defendant is intentionally using KeithUrban.com to gain profit by creating confusion between the Defendant's website and legitimate internet sites actually associated with Plaintiff Urban.

3

Case 3:07-cv-00152   Document 1   Filed 02/02/07   Page 3 of 10 PageID #: 5

10. Further, and in an unlawful attempt to profit from Plaintiff's protected name and celebrity status, Defendant is advertising art for sale over the website in a manner calculated to convey that the art was created and/or endorsed by, or otherwise connected to, Plaintiff. A downloaded copy of one page of the site, which is the subject matter of this litigation, is attached hereto as Exhibit A and is incorporated herein for all purposes.

11. Defendant has engaged in the false and misleading advertising contained on the website in bad faith and with the intent to promote the sale of art by attempting to assume the identity of Plaintiff Urban and his celebrity status. The advertising is intended to confuse members of the public and to mislead them into believing that the art was created or otherwise sponsored by Plaintiff Urban. Defendant is selling merchandise as if produced and/or endorsed by Plaintiff Keith Urban and states in his website, as follows:

> "You have reached the site of Keith Urban
> To Those Who Don't Know, Oil Painting
> Is One Of My Hobbies. To View Some
> Of My Work Please Enter My Virtual Gallery."

12. Defendant created and currently maintains the registration, the website and the advertising contained therein without the permission or endorsement of Plaintiff Urban.

13. The right to the use of the internet name KeithUrban.com should rightfully be personal to Plaintiff Urban during his lifetime, and Defendant's exploitation of the name and likeness of Plaintiff Urban should be prohibited.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT

14. Plaintiff Urban adopts and re-alleges paragraphs 1 through 13 above.

15. Plaintiff has the right to, and does, market various products and services under the registered and protected Keith Urban name.

4

16. Defendant has wrongfully misappropriated the name of Keith Urban through the registration of the KeithUrban.com domain name and the current operation of the related website. His use of the name KeithUrban.com is likely to produce confusion, deception and mistake as to the source, affiliation and sponsorship of the website and the goods advertised thereon.

17. Defendant Urban is engaging in false advertising and has engaged in trademark infringement, creating actual confusion among the public through a false impression that the art being sold under the referenced website was produced by Plaintiff Urban.

18. The improper commercial usage of KeithUrban.com by the Defendant constitutes an infringement of Plaintiff's registered name in violation of Section 32 of the Lanham Act, 15 U.S.C. 1114.

19. As a direct and proximate result of the trademark infringement, Plaintiff Urban has suffered injury to his registered name, reputation and good will, entitling Plaintiff to an award of damages. Defendant also has been unjustly enriched as a result of his infringement of the Keith Urban name.

20. Plaintiff has suffered and will continue to suffer immediate and irreparable harm unless Defendant is enjoined from the above-described activities, and Plaintiff does not have an adequate remedy at law. Defendant Urban should be enjoined from using the domain name of KeithUrban.com, maintaining any website in the form of the attached Exhibit A, and/or suggesting in any other way an identity and/or relationship with the Plaintiff Urban.

21. Defendant's actions also warrant an award of damages, and an accounting and award of Defendant's profits received as a result of the infringement of Plaintiff's registered

name. Further, Defendant's conduct constitutes willful and deliberate infringement of Plaintiff's federally registered Keith Urban name, thereby entitling Plaintiff to an award of enhanced damages and attorney fees in accordance with 15 U.S.C. § 1117.

## COUNT II

### DILUTION OF FEDERALLY REGISTERED TRADEMARK

22. Plaintiff Urban adopts and re-alleges paragraphs 1 through 21 above.

23. The name Keith Urban is famous and commonly associated with Plaintiff. It is highly distinctive of Plaintiff's entertainment activities, as well as the products that he markets under that name.

24. The use of the Keith Urban name and the KeithUrban.com domain name by Defendant is intended to capitalize upon that distinctiveness, and it dilutes (and, unless enjoined, will continue to dilute) the exclusive recognition and trade upon Plaintiff's reputation, all in violation of 15 U.S.C. § 1125 (c).

25. Plaintiff has suffered and will continue to suffer immediate and irreparable harm unless Defendant is enjoined from the above-described activities, and Plaintiff does not have an adequate remedy at law. Defendant Urban should be enjoined from using the domain name of KeithUrban.com, maintaining any website in the form of the attached Exhibit A, and/or suggesting in any other way an identity and/or relationship with the Plaintiff Urban.

26. Plaintiff is also entitled to an award of damages, an accounting and award of Defendant's profits resulting from any dilution of his name that has occurred as a result of Defendant's conduct, and other available remedies.

6

## COUNT III

## FEDERAL UNFAIR COMPETITION

27. Plaintiff Urban adopts and re-alleges paragraphs 1 through 26 above.

28. The above-described activities of Defendant are likely to cause confusion, or to cause mistake, or to deceive the public into believing that his website and the goods advertised for sale thereon have an association with, or sponsorship by, Plaintiff Urban. Defendant's conduct therefore constitutes a violation of section 43(a) of the Lanham Act, 15 U.S.C. 1125(a).

29. Plaintiff is being and will continue to be damaged by Defendant's false designations and representations because they are resulting in, and, unless enjoined by the Court, will continue to result in, confusion among the public as the true association and sponsorship of Defendant's website and goods.

30. As a direct and proximate result of Defendant's false designations and representations, Plaintiff Urban has suffered injury to his registered name, reputation and good will, entitling Plaintiff to an award of damages. Defendant has also been unjustly enriched as a result of the false designations and representations.

31. Defendant's false and deceptive designations and representations violate section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), thereby entitling Plaintiff to an award of injunctive relief consistent with the terms and conditions set forth above, an award of damages, an accounting and award of Defendant's profits, and other available remedies.

## COUNT IV

## VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT

32. Plaintiff Urban adopts and re-alleges paragraphs 1 through 31 above.

33. The AntiCybersquatting Consumer Protection Act, 15 U.S.C. 1125(d)(1)(A)(I)(III), imposes civil liability for one who registers, traffics in, or uses a domain name that is identical or confusingly similar to the famous mark of another.

34. Defendant has registered the domain name KeithUrban.com, which is identical to Plaintiff's registered name, and has used, and is using, the domain name to mislead the public into believing that the related website belongs to Plaintiff Urban.

35. Defendant has made commercial use of the domain site for advertising of goods as if they had been created and/or endorsed by the Plaintiff.

36. The activities of Defendant constitute violations of 15 U.S.C. 1125(d)(1)(A)(I)(III), and entitle Plaintiff to an award of statutory damages, injunctive relief, and the assignment of the domain name registration.

## COUNT V

## VIOLATIONS OF THE TENNESSEE CONSUMER PROTECTION ACT

37. Plaintiff Urban adopts and re-alleges paragraphs 1 through 36 above.

38. The activities of Defendant are likely to cause confusion and misunderstanding as to the source, sponsorship, approval and/or certification of the goods advertised on Defendant's website, and are likely to cause confusion and misunderstanding as to Defendant's affiliation, connection and/or association with, or certification by, Plaintiff. Further, the website contains statements that create a false impression as to the creator of the goods. Therefore, Defendant's actions constitute unfair and/or deceptive trade practices in violation of the Tennessee Consumer Protection Act, including specifically Tenn. Code Ann. § 47-18-104.

39. Plaintiff Urban has suffered and will continue to suffer immediate and irreparable harm unless Defendant is enjoined from such activities consistent with the terms and conditions set forth above. Plaintiff is also entitled to an award of damages and attorney fees pursuant to the provisions of the Tennessee Consumer Protection Act.

## COUNT VI

### VIOLATIONS OF THE TENNESSEE PERSONAL RIGHTS PROTECTION ACT

40. Plaintiff Urban adopts and re-alleges paragraphs 1 through 39 above.

41. Defendant knowingly used, and/or infringed upon the use of, Plaintiff's name through the creation and maintenance of the above-described website, which website was directed to members of the public for purposes of advertising products, merchandise and/or goods without Plaintiff's consent.

42. Accordingly, Defendant is liable to Plaintiff under the Tennessee Personal Rights Privacy Act, thereby entitling Plaintiff to injunctive relief and an award of damages as provided under Tenn. Code Ann. § 47-25-1106.

WHEREFORE, Plaintiff Urban prays that this Court grant the following relief:

1. A preliminary and permanent injunction enjoining Defendant from using the domain name of KeithUrban.com, maintaining any website in the form of the attached Exhibit A, and/or suggesting in any other way an identity and/or relationship with the Plaintiff Urban;

2. A judgment requiring Defendant to transfer to Plaintiff Urban the registration of the domain name KeithUrban.com;

3. An award of damages, as well as an accounting and award of Defendant's profits, in an amount to be proven at trial;

4. An award of Plaintiff's costs and reasonable attorney fees incurred in connection with the prosecution of this case;

5. A jury of twelve to try this cause; and

6. Such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

**NEAL & HARWELL, PLC**

By: _____
      William T. Ramsey, #9245
      Lisa B. Taplinger, #24052
      Cynthia S. Parson, #20911
150 Fourth Avenue, North, Suite 2000
Nashville, TN 37219
Telephone: (615) 244-1713
Facsimile: (615) 726-0573

*Counsel for Plaintiff Keith Urban*